# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  JKB-23-0056** |
| **v.** | : | |
| **SARAH BETH CLENDANIEL, et al.,** | : | |
| **Defendants.** | : | |

**...oOo...**

## GOVERNMENT'S OPPOSITION TO MOTION
## FOR APPOINTMENT OF MAGISTRATE JUDGE OR SPECIAL MASTER

The United States of America, by its undersigned attorneys, opposes the Motion Requesting Court to Appoint a Magistrate Judge or Special Master to Search Brandon Russell's Phone for Attorney-Client Privileged and Work Product Information, and states as follows.

The defendant Brandon Clint Russell filed his motion in the wrong District and it should be dismissed. In his motion, the defendant asks this Court to intervene in ongoing proceedings in the Middle District of Florida, by appointing a special master[1] to oversee the execution of a search warrant issued by a United States Magistrate Judge in that District, for the search of a cell phone which is also located in that District.  The defendant cites no authority to support this extraordinary request for judicial intervention into another District, nor can he.  The defendant's motion may only be heard in the District in which the warrant was issued.

---

[1] For ease of reference, the government will use "special master" to refer to defendant's request for the appointment of either a special master or a magistrate judge throughout this response.

Even if the defendant's motion had been properly filed in this District, the Court should deny it.  First, the motion is completely speculative and hypothetical; it does not identify any facts whatsoever to support an assertion that the cell phone contains attorney-client communications or protected attorney work product. Second, the defendant's assertion that the Court must appoint a special master is based on a grossly inaccurate interpretation of the Fourth Circuit's decision in *In re Search Warrant Issued June 13, 2019* ("*Baltimore Law Firm*"), 942 F.3d 159 (4th Cir. 2019).  Contrary to the defendant's reading of that opinion, the Fourth Circuit did not hold that the use of a government filter team is categorically improper. Rather, the Court's decision to appoint a special master in lieu of the government's filter team was based on the unique facts and circumstances of that case, which involved the search of the law firm's office.  In marked contrast, the circumstances of this case do not provide any reason whatsoever for the appointment of a special master to execute the search of the cell phone. The implementation of a routine filter team protocol would be sufficient and appropriate to address any claims of attorney-client privilege or work product.

## THE FACTS

On February 2, 2023, the Honorable Matthew J. Maddox, a United States Magistrate Judge for the District of Maryland, authorized a Criminal Complaint and Arrest Warrants for the defendants, Sarah Beth Clendaniel and Brandon Clint Russell.  The Complaint charged the defendants with conspiring to destroy an energy facility in violation of 18 U.S.C. § 1366.

On February 3, 2023, law enforcement agents arrested defendant Russell in Tampa, Florida pursuant to the Maryland warrant.  The agents seized a cell phone that was in Russell's possession at the time of the arrest. Later that same day, the Honorable David Baker, a United States Magistrate Judge for the Middle District of Florida, authorized a search warrant for the

contents of that seized cell phone. Law enforcement agents in Florida then began the search of

the cell phone on February 6, 2023. The cellphone remains in the possession of the Federal

Bureau of Investigation ("FBI") in Tampa, Florida.

Eight days later, on February 14, 2023, in an email to undersigned government counsel,

one of Russell's attorneys, Kobie Flowers, requested that the government cease searching "all

electronic devices linked to Brandon Russell, unless you have a neutral judge in charge of

separating protected and unprotected information from the electronic devices." Mr. Flowers

cited *Baltimore Law Firm* as the legal authority for his request.[2]

In a subsequent telephone conversation with undersigned government counsel on

February 15, 2023, Mr. Flowers and Ian Goldstein, Russell's other attorney, claimed that Mr.

Goldstein had been in voice communication with Russell using the seized cell phone at some

point prior to the disclosure of the existence of the criminal investigation on February 3, 2023.

Defense counsel further claimed that the mere fact that the cell phone might reflect that such a

call took place is somehow protected "attorney work product."[3]

---

[2] Earlier that same day, the grand jury in Maryland returned the one count Indictment in this case, charging the defendants with conspiracy to damage an energy facility in violation of 18 U.S.C. § 1366.

[3] Defense counsel's assertion that the undersigned government counsel indicated that the government "was only searching for 'toll records'" is grossly inaccurate. *See* Defendant's Motion at p. 2, ¶ 5. In the February 15 telephone conversation, undersigned counsel merely asked the defense to explain how the record of the existence of a telephone call was any different than a toll or billing record reflecting a call between a client and an attorney; records which are not privileged and are routinely obtained by the government in criminal investigations.

Despite the complete lack of support for defendant's position, the government paused its search of Russell's cell phone that same day in order to allow the defense to litigate its position that a special master must be appointed to conduct the search.

**ARGUMENT**

I.      The Defendant's Motion is Improperly Filed in the District of Maryland.

The defendant's motion asks this Court to oversee the execution of a search warrant issued by the United States District Court for the Middle District of Florida for the search of a cell phone located in that District.  Because this Court lacks authority to consider the defendant's motion, much less grant the relief requested, the motion should be dismissed.

It is well-settled that one district court does not have the authority to modify or nullify an order of another district court. *See, e.g.*; *Lauro v. Hawaii*, 2020 WL 1066973, at *2 (D. Haw. Mar. 5, 2020) ("[A] federal district judge, even the chief judge of a federal district court, has no authority to review, overrule, or modify any actions or rulings taken by another federal district judge in any case."), *appeal dismissed*, 2020 WL 5636891 (9th Cir. May 21, 2020); *Smith v. Meyers*, 843 F.Supp.2d 499, 505 (D. Del. 2012)("The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another judge's judicial acts or to deny another judge his or her lawful jurisdiction").  Imposing a search protocol to execute a search warrant by means of appointment of a special master certainly would qualify as a modification and review of the terms of any such warrant.

Here, a magistrate judge in the Middle District of Florida issued the search warrant. Any challenge to the search protocols that may be used to execute that warrant, including whether the protocols should include a filter team or special master, must be made in that District.  *See, e.g.*

*Eastman v. United States*, 2022 WL 9346072, at \*4 (D.N.M. Oct. 14, 2022), (Challenge to filter

protocol issued in connection with a search warrant should be filed in the district that issued the

warrant and filter protocol).

The fact that an indictment has been returned in this District does not change that result.

The defendant is not challenging the validity of the search warrant itself nor is he seeking to

suppress evidence obtained from it; any such claims certainly would be heard in this District

before any evidence obtained from the search could be introduced in a trial or other evidentiary

proceeding in the case here.  *See, e.g.*, Fed.R.Crim.P. 41(h)("A defendant may move to suppress

evidence *in the court where the trial will occur*….")(emphasis added).  But where the challenge

is *solely* to the manner of execution of a warrant, the proper forum for that challenge is in the

District where the warrant was issued. *See In re: Sealed Search Warrant & Application for a*

*Warrant by Tel. or Other Reliable Elec. Means ("Optima")*, 11 F.4th 1235 (11th Cir.

2021)(Challenge to filter team protocols under FRCP 41(g) heard in District and Circuit where

search warrant issued, even though the investigation was based elsewhere).

In short, should the defendant wish to press his claim for the appointment of a special

master, he should do so in the Middle District of Florida, not in the District of Maryland.

II.    Even If the Defendant's Motion was Properly Filed in this District, this Court
       Should Deny It.

Even assuming that this Court could properly consider the defendant's motion, it has no

merit. The defendant has failed to identify any legitimate factual or legal reason why a routine

government filter team review of the cell phone for any privileged or work product materials is

not sufficient in this case.  The motion should be denied.

A.  The Defendant Has Not Identified Any Viable Factual Basis to Support His Claim of
Attorney-Client Privilege or Work Product.

While somewhat difficult to discern from his motion, the defendant appears to claim that

there may be records on his seized cell phone indicating that various voice telephone calls

allegedly took place at some unknown time prior to the government's disclosure of the existence

of the criminal investigation. He says that these calls took place in anticipation of litigation, but

he does not identify what litigation nor does he claim that the cell phone contains the substance

or content of any communication between him and his attorney. Rather, he argues that just the

alleged record of the existence of calls between him and his attorney, as well as calls between

him and some unidentified non-lawyer third party, are somehow privileged attorney-client

communications or protected attorney work product when placed in "context."  Def. Motion at p.

5.  These vague and wholly unsupported allegations, even if true, are insufficient to establish that

there are privileged communications or work product material on the defendant's cell phone.

The attorney-client privilege applies only to confidential communications between the

lawyer and the client.  *See United States v. (Under Seal)*, 748 F.2d 871, 874 (4th Cir.

1984)(attorney-client privilege protects disclosure of the substance of confidential client

communications), *vacated in part on other grounds*, 757 F.2d 600(4th Cir. 1985).  The privilege

applies only to the *substance* of a communication. It does not extend to things like attorney

billing records, which often include itemized invoices for time billed for telephone calls between

the lawyer and the client. *In re Grand Jury Proceedings, Thursday Special Grand Jury*

*September Term 1991*, 33 F.3d 342, 354 (4th Cir. 1994) (Attorney billing records and fee

arrangements were not protected attorney-client communications). That is because "such

information ordinarily reveals no confidential professional communications between attorney

and client …"*In re Grand Jury Matter*, 926 F.2d 348,  352 (4th Cir. 1991) (*quoting In re*

*Osterhoudt*, 722 F.2d 591 593 (9ᵗʰ Cir. 1983).  Like an attorney's billing record, evidence of the mere fact of a telephone call –in essence a toll record– similarly is not protected by the privilege.

Likewise, such evidence is not protected by the work product doctrine. Under that doctrine, "an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase of the litigation, even if they have been reduced to writing." *In re John Doe*, 662 F.2d 1073, 1077 (4ᵗʰ Cir. 1981). There is nothing about the mere existence of a telephone call between a lawyer and his client, or between the client and some non-lawyer third party, that contains any fact or mental impression developed by the attorney.

B.  The Implementation of a Filter Team Is Sufficient to Protect Any Claim of Privilege or Work Product.

Although the defendant has not identified any legitimate basis to believe that the cell phone contains privileged or work product information, the government is prepared to institute a filter team protocol to continue its search of the seized cell phone in Florida. According to the defendant, however, the mere fact that he has asserted the potential that there may be privileged "attorney-client communications" or "work product" material on the seized cell phone mandates the appointment of a special master.  The defendant stakes his position on a deeply flawed interpretation of the Fourth Circuit's decision in *Baltimore Law Firm,* which he argues stands for the proposition that under any and all circumstances, the use of a government filter team to search potentially privileged seized materials is an improper delegation of a judicial function to the government, and therefore, a special master must conduct all such searches in the first instance. The defendant is wrong.

In *Baltimore Law Firm*, the government executed a search warrant on the offices of a law firm. The warrant included a filter team protocol, approved by the magistrate judge *ex parte* prior to the execution of the warrant, that permitted a government filter team to provide material that it found to be non-privileged to the prosecution team without first giving the law firm the opportunity to object to the disclosure. *Id* at 165-68.  The majority of the materials seized did not involve the client whose relationship with a member of the firm was under investigation. Under those circumstances, the Fourth Circuit ruled that the magistrate erred, because the filter team search protocol improperly delegated the judicial function of resolving disputes as to whether an item was privileged to the filter team members. *Id*. at 181.

Nowhere in its opinion does the Court suggest, much less hold, that the use of a government filter team is categorically improper, as the defendant claims.  Rather, the Court found that under the unique circumstances of the case before it  – *i.e.* the search of a law firm, the seizure of records relating to other clients not related to the investigation, and the fact that the filer protocol empowered the filter team to resolve questions of privilege without allowing the law firm to object and seek resolution from a court prior to disclosure – the appointment of a special master was required.  The Court's decision was directed largely at the protection of the interests of the *other* clients of law firm, not those of the client who was under investigation, and it was limited to the "*unique facts and circumstances of this case* [which] preclude this Filter Team operating under this Filter Protocol from reviewing the fruits of this search warrant." *Id.* at 183 (Rushing, J. concurring)(emphasis added).  None of those unique facts are present here.

Numerous other courts have reached the same conclusion as to the meaning of *Baltimore Law Firm*.  In *Optima*, 11 F.4th 1235, for example, the government obtained a search warrant from a magistrate judge in the Southern District of Florida to search a business location in

Miami.  A number of individuals and business entities then filed a motion to intervene and for

injunctive relief in the search warrant proceedings on the ground that the search warrant

protocols did not sufficiently protect their privileged attorney-client communications.  In

rejecting the intervenors' challenge to the filter team protocols, the Eleventh Circuit found:

> [N]one of the concerns the Fourth Circuit identified in *Baltimore Law Firm* apply here.
> Though the magistrate judge originally approved the Original Filter-Team Protocol *ex
> parte*, before the investigative team could review any documents, the court held an
> adversarial hearing and, after considering the Intervenors' concerns, put the Modified
> Filter-Team Protocol into place. Also unlike in *Baltimore Law Firm*, this case involves
> no claims that the majority of seized materials were both privileged and irrelevant to the
> subject of the investigation. And finally, the Modified Filter-Team Protocol did not
> assign judicial functions to the executive branch. Rather …under the Modified Filter-
> Team Protocol, the Intervenors have the first opportunity to identify potentially
> privileged materials. And before any of those items may be provided to the investigative
> team, either the Intervenors or the court must approve. *Put simply, the Modified Filter-
> Team Protocol complies with the recommendations both the Sixth and Fourth Circuits
> have made concerning the use of filter teams.*

 *Id.* at 1251 (emphasis added).

In *United States v. Avenatti*, 559 F. Supp.3d 274 (S.D.N.Y. 2021), the government

executed a search on a lawyer's iCloud account, using a filter team process that the magistrate

judge had approved as part of the warrant.  The lawyer, like the defendant here, cited *Baltimore

Law Firm* for the proposition that the use of a filter team is always improper. The Court rejected

that claim. Noting that the "use of a filter team is a common procedure in this District and has

been deemed adequate in numerous cases to protect attorney-client communications," *id.* at 282

(citations omitted), the Court found that, unlike the unique circumstances in *Baltimore Law

Firm*, the lawyer "was not involved in criminal defense work; he was given an opportunity to

review all communications before they were turned over to the prosecution team; and, until this

motion, he raised zero objections, either to the review procedures or to the filter team's

conclusions." *Id.* at 283.  The Court went on to highlight the absurdity of the lawyer's

interpretation of *Baltimore Law Firm*, stating:

> [T]aken to its logical conclusion, [the movant's] position would require a judicial officer
> to conduct the initial review of almost any communications seized pursuant to a warrant –
> including wire communications seized pursuant to a judicially authorized wiretap -
> …because in theory, any such communications could contain privileged information. The
> resulting burdens on the courts … would be intolerable…. Neither the law of privilege
> nor the Fourth Amendment mandates that burden.

*Id.* at 284. *See also In re Search Warrants*,  2021 WL 5917983 at  *3 (N.D Ga. Dec. 12,

2021)(Implementing a modified search warrant protocol with a filter team to address concerns

similar to those raised in *Baltimore Law Firm*); *United States v. Ritchey*, 605 F.Supp.3d 891, 898

(S.D. Miss. 2022)(Where movant relied on *Baltimore Law Firm*, court found that case was not

controlling precedent and "to the extent that [movant] believes that filter teams are categorically

unconstitutional, the Court rejects this argument");  *In re Search Warrants Executed on Apr. 28,*

*2021,* 2021 WL 2188150, at *2, n.3 (S.D.N.Y. May 28, 2021)(same).

The same analysis and reasoning apply here. None of the circumstances that concerned

the Fourth Circuit in *Baltimore Law Firm* are present.  The defendant is not an attorney. The

device to be searched is his personal cell phone, not a law office. There is no risk that the device

contains confidential attorney client communications with other individuals. The government

promptly ceased searching the phone when defense counsel first raised a claim of privilege. The

government is prepared to implement a standard filter team protocol pursuant to the accepted

practices and procedures in the Middle District of Florida that would provide the defendant the

opportunity to seek recourse with a court before any disputed communication or item could be

disclosed to the prosecution team. Under both Fourth and Eleventh Circuit law, such a procedure would adequately safeguard the defendant's claims of privilege.[4]

In sum, the defendant reads far too much into *Baltimore Law Firm.* As numerous courts have found, and the language of the opinion itself makes clear, the Court's conclusion that the magistrate judge had improperly delegated a judicial function to the filter team hewed directly to the unique facts and circumstances of that case, and nothing more.  The defendant's attempt to transform that very narrow finding into a holding that outlaws the use of filter teams as a violation of the constitutional separation of powers teams under any and all circumstances has no traction.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court dismiss the defendant's motion on jurisdictional grounds, or in the alternative, deny the motion on the merits.

> Respectfully Submitted,
>
> Erek L. Barron
> United States Attorney
>
> Kathleen O. Gavin
> Assistant United States Attorney
> 36 South Charles Street
> Fourth Floor
> Baltimore, Maryland 21201
> 410-209-4800
>
> *Filed via ECF*

---

[4] For the reasons set forth in Part I, *infra*, issues relating the execution of the search warrant should be resolved pursuant to Eleventh Circuit caselaw.