IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **CRIMINAL NO.  JKB-23-0056** |
| : | |
| **SARAH BETH CLENDANIEL, et al.,** : | |
| : | |
| Defendants. : | |
| : | |
| : | |

...oOo...

## GOVERNMENT'S SIXTH MOTION FOR ORDER
## REGARDING SPEEDY TRIAL STATUS

The United States of America, by its undersigned attorneys, hereby moves for the entry of an Order regarding the speedy trial status of this matter. In support of this motion, the government states as follows:

1. On February 6, 2023, defendant Sarah Beth Clendaniel made her initial appearance in this Court on a Criminal Complaint charging her and co-defendant Brandon Clint Russell with conspiracy to damage an energy facility in violation of 18 U.S.C. § 1366(a). Clendaniel consented to pretrial detention and remains in custody to date.

2. Also on February 6, 2023, defendant Brandon Clint Russell made his initial appearance on the Criminal Complaint in the Middle District of Florida.  After Russell consented to pretrial detention, the magistrate judge ordered that he be transported to the District of Maryland.

3. On February 14, 2023, the grand jury returned a one count Indictment against the defendants, charging them with conspiracy to damage an energy facility in violation of 18 U.S.C. § 1366(a).

4. On February 20, 2023, defendant Russell filed a Motion Requesting Court to Appoint a Magistrate Judge or Special Master to Search Brandon Russell's Phone for Attorney-Client Privileged and Work Product Information.

5. The defendants both made their initial appearance and were arraigned on the Indictment in this Court on March 10, 2023.

6. On March 22, 2023, this Court issued its ruling on defendant Russell's Motion Requesting Court to Appoint a Magistrate Judge or Special Master, finding that it lacked jurisdiction to decide the motion. The Court also conducted a telephone conference with the parties. During that conference, defense counsel requested that the Court allow an additional thirty days for the defense to review discovery and assess the case to determine whether it would proceed to trial or seek a pretrial resolution before the Court scheduled dates for the filing of pretrial motions and trial. The Court granted that request and scheduled a status conference for April 25, 2023.

7. Subsequently, the Court has granted multiple requests by the defendants to allow additional periods of time for the defense to review the discovery in this case. The Court has also granted five unopposed government motions for orders regarding Speedy Trial Status. ECF 43, 51, 54, 57 and 60. As a result of those orders, the computation of the period of time in which the defendants must be tried began on March 22, 2023, and excludes the period of time between March 22, 2023, and December 12, 2023.

8.      On December 12, 2023, the Court conducted a status conference. During the conference, the Court ruled on two of the three pending pretrial motion that defendant Russell had filed on December 6, 2023, and scheduled a hearing for February 2, 2024, on defendant Russell's third motion, which seeks a Bill of Particulars. The Court also scheduled the trial to begin on July 8, 2023, and issued a detailed scheduling order the following day. ECF 68.

9.      Under the Speedy Trial Act, a criminal defendant must be brought to trial within seventy days of the later of either the filing of an indictment or the first appearance before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1).

10.     The Speedy Trial Act permits a trial court to continue a trial date beyond the seventy-day limit if such continuance is granted by the Court on the basis of a finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). In deciding whether to grant such a continuance, the Court may consider, inter alia, whether the failure to grant the continuance would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

11.     The discovery in this case includes various electronic devices seized pursuant to the execution of search warrants and is therefore voluminous. Counsel for the defendants will need additional time to review that discovery in order to effectively prepare for trial, and if appropriate, engage in plea discussions, taking into account the exercise of due diligence.

12.     During the status conference held on December 12, 2023, counsel for defendant Clendaniel and for defendant Russell advised that they consent to this motion.

WHEREFORE, the United States respectfully requests that this Court enter an Order finding that the computation of the period of time in which the defendants must be tried under the

3

Speedy Trial Act began on March 22, 2023, and excludes the period of time between March 22, 2023, and the date of trial, which is currently set for July 8, 2024.

A proposed Order is attached for the Court's consideration.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____
Kathleen O. Gavin
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

*FILED VIA ECF/CM*