IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. JKB-23-0056 |
| | : |
| BRANDON CLINT RUSSELL, | : |
| Defendants. | : |
| | : |
| | : |

...oOo...

## GOVERNMENT'S SEVENTH MOTION FOR ORDER REGARDING SPEEDY TRIAL STATUS

The United States of America, by its undersigned attorneys, hereby moves for the entry of an Order regarding the speedy trial status of this matter. In support of this motion, the government states as follows:

1. On February 14, 2023, the grand jury returned a one count Indictment against the defendant Brandon Clint Russell, charging him with conspiracy to damage an energy facility in violation of 18 U.S.C. § 1366(a).

2. On March 10, 2023, the defendant made his initial appearance and was arraigned on the Indictment in this Court.

3. Between March, 2023, and January, 2024, the Court granted requests by the defendant to allow additional periods of time for the defense to review the discovery in this case. The Court has also granted six unopposed government motions for orders regarding Speedy Trial Status and scheduled trial to commence on July 9, 2024. ECF 43, 51, 54, 57, 60 and 70. As a result of those orders, the computation of the period of time in which the defendant must be tried

1

began on March 22, 2023, and excluded the period of time between March 22, 2023, and July 8, 2024.

4.  On May 8, 2024, the government produced additional discovery that the Court had been permitted it to withhold until two months before trial.

5.  Currently, there are three government pretrial motions pending: Motion for Protective Order Regarding Undercover Witnesses (ECF 101); Motion for Protective Order Permitting Partial Closure of the Courtroom (ECF 113); and a sealed *Ex Parte* Motion to Withhold From Discovery.  Also pending is the defendant's Motion To Compel the Government to Provide Notice of Its Intent to Use of Disclose Information Obtained or Derived from Surveillance Conducted Pursuant to Section 702 of the Foreign Intelligence Act. ECF 107.  All of these motions were filed in June, 2024.

6.  On June 21, 2024, at the request of the parties, the Court continued the trial date until November 12, 2024. ECF 122.

7.  Under the Speedy Trial Act, a criminal defendant must be brought to trial within seventy days of the later of either the filing of an indictment or the first appearance before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1).

8.  The Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(D), however, provides that any period of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion …" shall be excluded in computing the time period within which a defendant must be tried.

9.  The Speedy Trial Act also permits a trial court to continue a trial date beyond the seventy-day limit if such continuance is granted by the Court on the basis of a finding that the ends

of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). In deciding whether to grant such a continuance, the Court may consider, inter alia, whether the failure to grant the continuance would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

10. No time has passed under the Speedy Trial Act since the date that the defendant first appeared on the Indictment and the filing of the pretrial motions referenced above. A hearing regarding two of the four pretrial motions is currently scheduled for June 27, 2024.

11. In addition, the discovery in this case includes various electronic devices seized pursuant to the execution of search warrants and is therefore voluminous. Additional time is needed for the defense to continue review discovery and for the parties to effectively prepare for trial, litigate pending pretrial motions, and if appropriate, engage in plea discussions, taking into account the exercise of due diligence.

12. During the scheduling conference held on June 21, 2024, counsel for defendant Russell advised that they consent to this motion.

WHEREFORE, the United States respectfully requests that this Court enter an Order finding that the computation of the period of time in which the defendant must be tried under the Speedy Trial Act began on March 22, 2023, and excludes the period of time between March 22,

2023, and the date of trial, which is currently set for November 12, 2024.

    A proposed Order is attached for the Court's consideration.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____
Kathleen O. Gavin
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

*FILED VIA ECF/CM*