IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES** | : |
| | : |
| v. | :     Case No. JKB-23-056 |
| | : |
| **SARAH CLENDANIEL** | : |
| | : |

**MOTION TO SUBMIT PUBLICLY AVAILABLE REDACTED VERSIONS OF THE DEFENSE SENTENCING MEMORANDUM AND LETTER EXHIBITS AND SEAL PSYCHOLOGICAL EVALUATION REPORT EXHIBITS**

Sarah Clendaniel, by counsel, hereby moves this Honorable Court to permit the submission of a redacted version of the sentencing memorandum and letter exhibits and to seal the psychological evaluation report exhibits in this case. In support, the Defense states as follows:

**Background**

Counsel previously moved to seal Ms. Clendaniel's sentencing memorandum and accompanying exhibits. Dkt 157. After originally granting the request (Dkt. 159), the Court then vacated the Court's Order granting the Motion to Seal, denied without prejudice the Defense's Motion to Seal, and directed the Defense to file a renewed motion to seal by September 20, 2024. Dkt. 161.

To comply with Local Rules and pertinent case law, instead of renewing the motion to seal the entire memorandum and all exhibits, counsel now moves to submit on the public docket a redacted version of the sentencing memorandum and accompanying letter exhibits (Exhibit C through E), as attached, and moves to seal Exhibit A and B, which are psychological evaluation reports, and previously docketed at Dkt. 158-1 (Exhibit A) and 158-2 (Exhibit B).

1

**Legal Standard**

While "the Supreme Court has recognized a common law right to inspect and copy judicial records and documents, […] this right of access to court records is not absolute, and the trial court may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) (citations omitted and cleaned up); *see also Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004) (noting that regardless of whether right of access arises from common law or First Amendment, it may only be abrogated in unusual circumstances). Some of the factors to be weighed in this balancing test include "whether the records are sought for improper purposes, such as promoting public scandals[…]; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

Under the common law, ultimately "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978). Where only select parts of sentencing memorandum contain "sensitive information," granting permission to submit a redacted version of the memorandum may be appropriate. *Harris*, 890 F.3d at 492.

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Local Rule 207.2 incorporates these requirements.

1. **Less drastic alternatives to sealing**

Counsel previously moved to seal entirely the Defense's sentencing submission, including all exhibits. Counsel no longer requests such broad sealing. Instead, counsel now offers a redacted version of the sentencing memorandum and letter exhibits (Exhibits C though E), as attached, and seeks the continued sealing of only two exhibits (Exhibits A and B, the psychological evaluation expert reports). The limited redactions and sealing are less drastic alternatives to sealing the entire sentencing submission and comport with Local Rule 207.2 and relevant authority.

2. **Specific reasons and factual representations to justify limiting access to portions of the Defense sentencing submission.**

The Defense seeks to limit public access to certain categories of information contained in the sentencing submission. These categories are: (a) information identifying third-party family members and prior partners; (b) Ms. Clendaniel's particularly sensitive medical and mental health information; and (c) information from legally protected records that are not publicly accessible.

a. **Third-party privacy interests**

"Courts have recognized that an interest in protecting the physical and psychological well-being of individuals related to the litigation, including family members and particularly minors, may justify restricting access." *Harris*, 890 F.3d at 492 (collecting cases permitting redactions of family members' names); *see also United States v. McComber*, Crim. No. ELH-21-036, 2024 WL 2804039, at *11 (D. Md. May 31, 2024) (observing court's interest in protecting third-party physical and psychological well-being as compelling). Redactions that are "narrowly tailored to the Court's compelling interest in preserving the confidentiality of 'painful and sometimes dis[turbing] details' about third parties" have been approved. *McComber*, 2024 WL 2804039, at *12 (citation omitted).

3

Here, the Defense proposes redactions that protect highly sensitive domestic relations information about third parties, including family members and former partners. The third-party information relates to sensitive details of Ms. Clendaniel's childhood and intimate particulars of former relationships. Preventing access to the redacted information serves to protect Ms. Clendaniel's family members, including her children, and other third parties. In instances where the attendant information in the memorandum leaves a clear inference of the third party's identity although the third party is not identified by name, counsel has redacted the attendant information.

### b. Ms. Clendaniel's medical information

Under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Ms. Clendaniel has a right of privacy to her medical records. She has not previously publicized medical information that counsel now seeks to protect. *See Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 494-95 (1975) ("[T]h interests in privacy fade when the information involved already appears on the public record."). Courts have recognized the appropriateness in some circumstances of sealing information about a defendant's medical history. *See McComber*, 2024 WL 2804038, at *12; *see also United States v. Kravetz*, 706 F.3d 47, 63 (1st Cir. 2013) (acknowledging presumptively private nature of medical information). Here, the public's right to access sentencing submissions is substantially outweighed by Ms. Clendaniel's competing medical privacy interests.

Counsel has redacted medical information in the sentencing memorandum and in two of the accompanying letter exhibits (Exhibits C and D). The psychological evaluation reports attached as Exhibit A and B rely almost entirely on a wide array of medical records and medical history, including mental health records and information, and other records legally protected from public access. Therefore, redacting protected information in Exhibits A and B would be tantamount to sealing them. Because the psychological evaluation reports contain a vast array of detailed medical

and psychological information about Ms. Clendaniel and rely on protected records, sealing these two exhibits is narrowly tailored to serve the interest of protecting sensitive medical information.

    **c. Information from legally protected records**

Under Maryland law, certain records maintained by the Social Services Administration, which falls under the Department of Human Services, are confidential and highly protected given their sensitive nature. MD Code, Human Serv. § 1-202. The Office of the Federal Public Defender obtained such documents only by way of court order. Given the legally protected nature of these records, further disclosure to the public is not authorized.

Additionally, these records and information derived from them implicate the third-party privacy interests and medical privacy interests discussed above. The public's right of access to this information is substantially outweighed by the compelling interest in protecting these records and information from public disclosure.

## Conclusion

For the foregoing reasons, the Defense respectfully moves this Court to permit the public docketing of the proposed redactions to the Defense's sentencing memorandum and Exhibits C through E, and to seal Exhibits A and B.

Respectfully submitted,

/s/
SEDIRA S. BANAN (#804827)
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Telephone: (410) 962-3962
Email: sedira_banan@fd.org