IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. JKB-23-56 |
| | * | |
| SARAH BETH CLENDANIEL, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

**CONSENT MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, Erek L. Barron, United States Attorney for the District of Maryland, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. §§ 924(d) and 981(a)(1)(C) & (G), 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture is submitted herewith.   In support thereof, the United States sets forth the following:

1. On April 23, 2024, the United States filed a Superseding Information charging Sarah Beth Clendaniel (the "Defendant") with Conspiracy to Damage an Energy Facility, in violation of 18 U.S.C. § 1366(a) (Count One), and Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1) (Count Two). ECF No 80.

2. The Superseding Information also included a forfeiture allegation, which provided notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. §§ 924(d) and 981(a)(1)(C) & (G), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), upon conviction of the Defendant of the offenses alleged in Counts One and Two of the Superseding Information.

3. On May 14, 2024, the Defendant pled guilty to the offense alleged in Count Two of the Superseding Information. ECF. No. 93.

4. The United States has also determined that the following firearms and ammunition were used to commit or to facilitate the commission of the Defendant's offense, and accordingly, is subject to forfeiture under 18 U.S.C. §§ 924(d) and 981(a)(1)(C), (G), 21 U.S.C. § 853, 28 U.S.C. § 2461(c):

    (a) one semi-automatic 12-gauge TriStar (Kral) shotgun, Model Compact bearing serial number KRC003624 (23-FBI-009269);

    (b) one 9x19 (9mm Luger) Privately Made Firearm pistol, consisting of a Polymer80 brand frame, Model PF940C80 with a Kineti-tech brand slide, Style #19 and barrel of unknown origin (23-FBI-009269);

    (c) a Glock-like P80 lower with slide (23-FBI-009269);

    (d) 3 Glock 9mm magazine containing 12 rounds of ammunition;

    (e) 559 rounds of 9mm ammunition (23-FBI-009270);

    (f) 953 rounds of 7.62mm ammunition (23-FBI-009270); and

    (g) 77 shotgun cartridges (23-FBI-009270)

(collectively, the "Subject Property").

5. Pursuant to 18 U.S.C. §§ 924(d) and 981(a)(1)(C), (G), 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture with respect to the Subject Property.

6. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Subject Property, and notice that any person, other than the Defendant,

having or claiming a legal interest in the Subject Property must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

7. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited Subject Property and any additional facts supporting the petitioner's claim and the relief sought.

8. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Subject Property that is the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

9. The United States also seeks authority to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, pursuant to Rule 32.2(b)(3) and (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

10. The United States conferred with counsel for the Defendant, who indicated the Defendant has no objection to entry of the proposed Preliminary Order of Forfeiture.

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence;

(c) retain jurisdiction for the purpose of enforcing the forfeiture; and

(d) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

Erek L. Barron
United States Attorney

By: /s/
Kathleen O. Gavin
Tamera L. Fine
Assistant United States Attorneys