**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. JKB-23-56** |
| | * | |
| **SARAH BETH CLENDANIEL,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ******* | |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on April 23, 2024, the United States filed a Superseding Information charging Sarah Beth Clendaniel (the "Defendant") with Conspiracy to Damage an Energy Facility, in violation of 18 U.S.C. § 1366(a) (Count One), and Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1) (Count Two). ECF No 80; and

WHEREAS, the Superseding Information also included a forfeiture allegation, which provided notice that the United States intended to seek the forfeiture, pursuant to 18 U.S.C. §§ 924(d) and 981(a)(1)(C), (G), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), upon conviction of the Defendant of the offenses alleged in Counts One and Two of the Superseding Information; and

WHEREAS, on May 14, 2024, the Defendant pled guilty to the offense alleged in Count Two of the Superseding Information; and

WHEREAS, by consent, the Defendant agreed to forfeit to the United States all right, title, and interest in the following items that the Defendant agreed constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's offenses:

    (a)     one semi-automatic 12-gauge TriStar (Kral) shotgun, Model Compact bearing serial number KRC003624 (23-FBI-009269);

    (b)     one 9x19 (9mm Luger) Privately Made Firearm pistol, consisting of a Polymer80 brand frame, Model PF940C80 with a Kineti-tech brand slide, Style #19 and barrel of unknown origin (23-FBI-009269);

    (c)     a Glock-like P80 lower with slide (23-FBI-009269);

    (d)     3 Glock 9mm magazine containing 12 rounds of ammunition;

    (e)     559 rounds of 9mm ammunition (23-FBI-009270);

    (f)     953 rounds of 7.62mm ammunition (23-FBI-009270); and

    (g)     77 shotgun cartridges (23-FBI-009270)

(collectively, the "Subject Property"); and

WHEREAS, pursuant to 18 U.S.C. §§ 924(d) and 981(a)(1)(C), (G), 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture with respect to the Subject Property;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.     The United States' Motion for a Preliminary Order of Forfeiture is GRANTED.

2.     The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Subject Property and the offense to which the Defendant pled guilty.

3.     Accordingly, all of Defendant's interests in the Subject Property are hereby forfeited to the United States for disposition pursuant to 18 U.S.C. §§ 924(d) and 981(a)(1)(C)(G), 21 U.S.C. § 853, 28 U.S.C. § 2461(c).

4.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Subject Property and maintain it in its secure custody and control.

5.      The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

6.      Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Subject Property.

7.      Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Subject Property to be forfeited.

8.      Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Subject Property, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court for the District of Maryland, requesting a hearing to adjudicate the validity of his or her interest in the Subject Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

9.      Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States shall have clear title to the Subject Property.

10.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

11.     Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. §§ 924(d) and 981(a)(1)(C)(G), 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

12.     The Court shall retain jurisdiction in this case for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.


_____
The Honorable James K. Bredar
United States District Judge

Dated: _____